UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KEEN, | CV F 04-5645 AWI WMW P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 38) |
| vs. | |
| AMY NOBLE, et al., | **ORDER DENYING MOTION FOR INJUNCTIVE RELIEF** |
| Defendants. | (Doc. 12) |

Plaintiff, James Keen ("Plaintiff"), is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff alleges that Defendants have violated Plaintiff's first amendment right to practice his religion by denying Plaintiff a Runestone set. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 8, 2006, the Magistrate Judge filed Findings and Recommendations that recommended Plaintiff's motion for a temporary restraining order be denied. The Findings and Recommendations contained notice to the parties that any objections to the Findings and Recommendations were to be filed within ten days. On March 15, 2006, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C.§ 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

As explained by the Magistrate Judge, generally, when a prisoner is transferred from the prison whose policy he is challenging, any claim for injunctive relief becomes moot. Dilley v.

1

1  Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.
2  1986).  Therefore, Plaintiff's request for injunctive relief against Taft officials has become moot
3  because Plaintiff is now incarcerated at U.S.P. Atwater.   In the objections, Plaintiff claims that
4  his claims against the BOP defendants are not moot because their actions have resulted in
5  Plaintiff being denied a Runestone Set.  In Nelson v. Heiss, 271 F.3d 891 (9th Cir. 2001), the
6  Ninth Circuit found injunctive relief was not moot as a result of a prison transfer because the
7  plaintiff had claimed the same policy makers set the policy for both institutions.  Id. at 897.
8       Despite the fact injunctive relief against the BOP defendants may be available despite
9  Plaintiff's transfer, the court finds injunctive relief should not be granted at this time.   The court
10 agrees with the Magistrate Judge that Plaintiff  has not linked the BOP defendants to the
11 allegedly unconstitutional policies.    Liability in civil rights cases only against persons who
12 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
13 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978) (a person subjects another to the deprivation
14 of a constitutional right if he does an act, participates in another's act or omits to perform an act
15 he is legally required to do that causes the alleged deprivation).   It is not clear from the
16 complaint and motion for a preliminary injunction which BOP officials Plaintiff believes are
17 responsible for the regulations prohibiting Runestone Sets.  Because Plaintiff has failed to link
18 the BOP defendants with some affirmative act or omission resulting in him being denied the
19 Runestone Set, Plaintiff's request for injunctive relief must be denied at this time.

20       Accordingly, IT IS HEREBY ORDERED that:

21       1.    The Findings and Recommendations, filed March 8, 2006, are ADOPTED IN
22 FULL; and,

23       2.    Plaintiff's motion for a preliminary injunction is DENIED without prejudice.

25 IT IS SO ORDERED.

26 **Dated:    March 28, 2006**              /s/ Anthony W. Ishii
   0m8i78                                    UNITED STATES DISTRICT JUDGE