UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KEEN, | CV F 04-5645 AWI WMW P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| vs. | |
| AMY NOBLE, et al., | (Document #55) |
| Defendants. | |

## BACKGROUND

Plaintiff is a federal inmate and is proceeding in this action against United States Bureau of Prisons ("BOP") officials for conduct that occurred while Plaintiff was housed at the United States Penitentiary at Atwater ("Atwater") during 2002 and 2003.   Plaintiff claims that Defendants violated the First Amendment, the Land Use and Institutionalized Persons Act ("RLUIPA"), and the Religious Freedom Restoration Act ("RFRA").   Plaintiff also claims that Defendants' conduct violated his equal protection rights under the Fifth Amendment and the Administrative Procedure Act ("APA").

On October 4, 2006, Plaintiff filed a motion for a preliminary injunction.   Plaintiff's motion concerns BOP employees' actions that Plaintiff contends violated his right of access to the courts.   Specifically, Plaintiff asserts that in 2006, Plaintiff was housed at the United States Penitentiary at Lompoc ("Lompoc").   In July, Plaintiff was placed in Administrative Confinement because of a criminal case in Los Angeles concerning the Aryan Brotherhood. While Plaintiff was in Administrative Confinement, the Asatru Community Locker at Lompoc was searched by Chaplain Frank Tinajero.   Pages from the BOP Technical Reference Manual

concerning Asatru, which Defendants had provided as an exhibit to a motion in this action, were confiscated. Chaplain Tinajero and other BOP officials refused to return this document because inmates are not allowed to have copies of this manual.

## LEGAL STANDARD

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

## DISCUSSION

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C.

§ 3626(a)(1)(A).

There is an actual case or controversy before this court with respect to Defendants' actions in 2002 and 2003 at Atwater when they denied Plaintiff personal possession of runestones and a hof.   There is also an actual a case or controversy concerning Defendants' refusal to change BOP policy to allow personal possession of runestones.   However, the issue in the pending motion for a preliminary injunction concerns actions that Plaintiff believes interfered with his First Amendment right to access the courts in 2006 at Lompoc.  Because the complaint in this case does not contain allegations raising issues similar to those presented in the instant motion, there is no controversy present with respect to such issues and the court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of Plaintiff's claims.

In addition, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).   The court is unable to issue any order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).   Neither Chaplain Tinajero nor other BOP officials who seized the document are Defendants to this action.   Thus, this court cannot order them to return the document.   As Plaintiff's motion seeks to have the court order non-defendants to return a document and such an order will not redress an injury not at issue in this action, Plaintiff's motion for a preliminary injunction must be denied.

## ORDER

Accordingly, the court ORDERS that Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

**Dated:   September 18, 2007**              /s/ Anthony W. Ishii
                                             UNITED STATES DISTRICT JUDGE

3