UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KEEN, | CV F 04-5645 AWI WMW P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| AMY NOBLE, et al., | (Document #56) |
| Defendants. | |

## BACKGROUND

Plaintiff is a federal inmate and is proceeding in this action against United States Bureau of Prisons ("BOP") officials for conduct that occurred while Plaintiff was housed at the United States Penitentiary at Atwater ("Atwater").  Plaintiff claims that Defendants prohibited him from the free exercise of his religious beliefs in violation of the First Amendment, the Land Use and Institutionalized Persons Act ("RLUIPA"), and the Religious Freedom Restoration Act ("RFRA").  Specifically, Plaintiff contends that Defendants violated the First Amendment, RLUIPA, and RFRA by denying him personal possession of runestones (a collection of 24 stones made from wood, which have the Celtic alphabet painted on them) and permission to construct a hof (a type of wooden enclosed shelter).  Plaintiff also claims that Defendants' conduct violated his equal protection rights under the Fifth Amendment.  Finally, Plaintiff claims that Defendants' actions violated the Administrative Procedure Act ("APA").

On December 26, 2006, Plaintiff filed a motion for partial summary judgment. Plaintiff's motion concerns Defendants' denial of runestones.  Plaintiff contends that the

undisputed facts show that Defendants violated his First Amendment rights, RLUIPA rights, RFRA rights, and Fifth Amendment rights by refusing to allow Plaintiff to possess runestones when other prisoners are allowed similar instruments to practice their religious beliefs.

Defendants have never filed an opposition to Plaintiff's motion.

The Magistrate Judge has never filed Findings and Recommendations that addressed this motion.

## LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc); Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); see also E.E.O.C. v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De Puerto Rico, 279 F.3d 49, 55 (1st Cir. 2002) (stating that if "party moving for summary judgment bears the burden of proof on an issue, he cannot prevail unless the evidence that he provides on that issue is conclusive.")  If the moving party meets its initial responsibility, the burden then shifts

to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

## DISCUSSION

While Defendants have failed to oppose Plaintiff's motion, the court cannot review Plaintiff's motion in isolation without reference to this court's knowledge of other pleadings. In this case, Defendants have moved to dismiss the complaint and/or for summary judgment. An order addressing this motion is being entered along with this order. Thus, the court will consider the evidence of which this court is aware that Defendants provided in support of their motion in determining whether a disputed issue of material fact exists.

As explained in more detail in the court's order resolving Defendants' motion, Plaintiff's First Amendment claim requires him to show that Defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests. See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). RLUIPA requires Plaintiff to show that Defendants substantially burdened the exercise of his religious beliefs, and, if he does so, Defendants must demonstrate that any substantial burden is both in furtherance of a compelling governmental interest and the least restrictive means that furthers the compelling governmental interest. See 42 U.S.C. § 2000cc-1; Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). Similarly, RFRA requires Plaintiff to show that his religious beliefs are substantially burdened, and RFRA prohibits such a burden unless the government demonstrates a compelling governmental interest and uses the least restrictive means of furthering that interest. See 42 U.S.C. § 2000bb-1(a), (b); Guam v. Guerrero, 290 F.3d 1210, 1220-21 (9th Cir. 2002).

Plaintiff provides evidence that both the Asatru religion and Plaintiff's own personal beliefs require him to personally possess runestones. Plaintiff provides evidence that allowing him to have rune cards or runestones made of plastic is not sufficient. Along with their motion

for summary judgment, Defendants provide evidence that their research of the Asatru religion revealed that personal possession of runestones is not required.   Defendants provide evidence that possession of rune cards, along with access to runestones during ceremonies, is sufficient. Based on this conflicting evidence there is a disputed issue of fact on the burden to Plaintiff's religion of not being allowed to personally possess runestones made from wood.   Because there is a disputed issue of material fact on the burden imposed to Plaintiff's religious beliefs by not allowing Plaintiff to personally possess runestones, Plaintiff is not entitled to summary judgment on Plaintiff's  First Amendment claim, RLUIPA claim, and RFRA claim concerning the possession of runestones.

Plaintiff also moves for summary judgment on his equal protection claim.   The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).   The complaint alleges that Defendants' denial of runestones violated Plaintiff's equal protection rights because Plaintiff "was denied privileges similar to those accorded to inmates of other religious faiths."   As explained in more detail in the order addressing Defendants' motion, this allegation is insufficient to state an equal protection violation.  The complaint fails to allege how inmates of other religious were similarly situated to Plaintiff.   Accordingly, Plaintiff is not entitled to summary judgment on this claim.

**ORDER**

Accordingly, the court ORDERS that Plaintiff's motion for partial summary judgment is DENIED.

IT IS SO ORDERED.

**Dated:   September 18, 2007**          /s/ Anthony W. Ishii
                                  UNITED STATES DISTRICT JUDGE

4