UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KEEN, | CV F 04-5645 AWI WMW P |
| Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION |
| vs. | ORDER AMENDING SEPTEMBER 20, 2007 ORDER |
| AMY NOBLE, et al., | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT |
| Defendants. / | (Document #72) |

Plaintiff is a federal inmate and is proceeding in this action against United States Bureau of Prisons ("BOP") officials for conduct that occurred while Plaintiff was housed at the United States Penitentiary at Atwater ("Atwater").   Plaintiff claims that Defendants prohibited him from the free exercise of his religious beliefs in violation of the First Amendment, the Land Use and Institutionalized Persons Act ("RLUIPA"), and the Religious Freedom Restoration Act ("RFRA") by denying him personal possession of runestones.

On September 18, 2007, the court granted in part and denied in part Defendants' motion for summary judgment.   On October 1, 2007, Plaintiff filed a motion for reconsideration. Plaintiff contends that the complaint did not raise any issues regarding a "hof," yet the court's order on Defendants' motion and the related Findings and Recommendations discuss a "hof". Plaintiff requests that the court's orders concerning claims related to a "hof" be stricken.

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d

1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u>, <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In this action, the operative pleading is Plaintiff's May 28, 2004 amended complaint. The court has carefully reviewed this document. Plaintiff is correct. The amended complaint only contends that Defendants have violated his rights by denying him runestones. The amended complaint does not contain allegations concerning the construction of a "hof". It is not entirely clear why allegations concerning a "hof" have been addressed by the parties and the court. It appears the court ruled on claims concerning the "hof" because Defendants asked for summary judgment on such claims. Apparently, it was overlooked that the "hof" claims were not in the operative pleading. Because the amended complaint does not contain claims concerning a "hof", the parts of the court's September 20, 2007 order concerning a "hof" will be stricken.

Accordingly, the court ORDERS that:

1. Plaintiff's motion for reconsideration is GRANTED;
2. All rulings in the September 20, 2007 order concerning claims arising from Defendants' denial of a "hof" are STRICKEN.

IT IS SO ORDERED.

**Dated:   January 29, 2008**              /s/ Anthony W. Ishii
                                 UNITED STATES DISTRICT JUDGE

2